(174 App. Div. 923)

### HAYMAN et al. v. CANTON ART METAL CO.

(Supreme Court, Appellate Division, Fourth Department.   July 6, 1916.)

SALES ⚙➾22(2)—OFFER AND ACCEPTANCE—WITHDRAWAL.

Where an offer to sell required its acceptance to be accompanied by a certified check, and the offer was withdrawn before the check was mailed, there was no contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 40; Dec. Dig. ⚙➾ 22(2).]

Appeal from Trial Term, Erie County.

Action by Oscar M. Hayman and others against the Canton Art Metal Company.   From a judgment for plaintiffs, and an order denying its motion for a new trial, defendant appeals.·  Reversed and remanded, with directions.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Willard W. Saperston and Saperston & McNaughtan, all of Buffalo, for appellant.

· Vernon Cole and Shire & Jellinek, all of Buffalo, for respondents.

PER CURIAM.   Defendant's telegraphic offer to sell required its acceptance to be accompanied by certified check for $1,000.   Defendant's offer was withdrawn before plaintiffs had made their acceptance complete by mailing to defendant the required check.   This we think defendant had the right to do and that there was no completed contract of sale.   Defendant's motion for a nonsuit should have been granted.

The judgment and order should be reversed, and judgment directed in favor of defendant, dismissing plaintiffs' complaint, with costs to defendant in this court and in the court below.

---

(174 App. Div. 497)

### HALLIGAN v. RUNKLE, County Treasurer.

(Supreme Court, Appellate Division, Third Department.   June 30, 1916.)

1. COURTS ⚙➾58—COURT ATTENDANTS—POWER OF APPOINTING—STATUTES.

The enactment of Laws 1914, c. 358, conferring on the board of supervisors of a county the power to fix amount and time or manner of payment of the salary of any county officer or employé, and the mode of appointment, number, and grade of assistants or employés in any county office, did not divest the sheriff of Rensselaer county of the power, under Laws 1910, c. 243, of appointing 13 court attendants to serve during the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 201–203; Dec. Dig. ⚙➾58.]

2. COUNTIES ⚙➾75(1)—EMPLOYÉS—CLASSIFIED CIVIL SERVICE—STATUTE.

A laborer appointed at $3 a day by the superintendent of the courthouse of the county of Rensselaer, pursuant to resolution of the board of supervisors passed December 15, 1915, was "in" the classified service of the state, under Civil Service Law (Consol. Laws, c. 7) § 9, subd. 4, rule 1, and comprehended by section 10 of the law, providing that no examination or registration shall be required of persons to be employed as la-

borers, so that a certificate containing his name, work, and compensation was a condition to his right to demand pay from the county treasurer.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 116; Dec. Dig. ☞75(1).]

3. COUNTIES ☞75(1)—EMPLOYÉS—CIVIL SERVICE—LIABILITY FOR PAY—STAT-UTE.

The treasurer, of Rensselaer county could not be required to pay the salary of a laborer about the courthouse appointed by the superintendent on the ground that, under Civil Service Law, § 8, the superintendent was liable for having illegally appointed the laborer, a claim which the county treasurer could be required to pay, as the statute provides that no public officer shall be reimbursed by the state, or any of its divisions, for any sums paid or recovered pursuant to the section.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 116; Dec. Dig. ☞75(1).]

Appeal from Special Term, Ulster County.

In the matter of the application of Bernard J. Halligan for a writ of mandamus against Delmer Runkle, as County Treasurer. From an order denying the writ, petitioner appeals. Order affirmed.

The following is the opinion of Hasbrouck, J., in the court below:

There was an election in November, 1914, in the county of Rensselaer, whereat a Republican sheriff was elected to take office January 1, 1915, to succeed a Democratic incumbent. Among the powers of the sheriff was that under chapter 243 of the Laws of 1910 of appointing 13 court attendants to serve during the court. By chapter 359 of the Laws of 1911 the County Law has been amended so as to confer on the board of supervisors the "power to fix the amount and the time or manner of payment of the salary or compensation of any county officer or employé * * * and the mode of appointment, number and grade of * * * assistants or employés in any county office notwithstanding the provisions of any general or special law * * * providing for the mode of appointment * * * of * * * assistants or employés in any county office."

[1] This provision was substantially re-enacted in chapter 358, Laws of 1914. Pretending to act under the County Law, on December 15, 1914, the board of supervisors passed resolutions to take effect January 1, 1915, empowering the sheriff to appoint "three court officers" and authorizing the superintendent of the courthouse and annex to appoint 10 "laborers" at $3 per day. By suffering the sheriff to appoint three court officers and empowering the superintendent of the courthouse and annex to appoint 10 laborers at $3 per day, there were provided the equivalent of 13 court attendants above described to aid in conducting the court. It is quite apparent that the scheme of the local resolutions was to take the appointment of the court attendants out of the hands of the incoming sheriff. When court was opened in Troy in January, 1915, it was called to its attention that there were substantially two sets of court attendants, one set appointed by the sheriff and one by the superintendent of the courthouse and annex. With but a short period for reflection upon the matter, it was decided to recognize the court attendants selected by the sheriff. Such determination seems fully supported by an opinion written by Judge Chester in Sheldon v. MacArthur, 73 Misc. Rep. 375, 133 N. Y. Supp. 194, affirmed in 148 App. Div. 908, 133 N. Y. Supp. 194, holding that chapter 359 of the Laws of 1911 did not divest the sheriff of the power of appointing certain employés. The enactment of chapter 358 of the Laws of 1914 did not change the law as above declared. This ruling makes it unnecessary here to enter into the consideration of how far the Legislature may regulate the officering of the courts.

[2] The applicant for a writ of peremptory mandamus here was one of the laborers appointed by the superintendent of the courthouse and annex under the resolution of the board of supervisors. He claims to have performed the services and have demanded his pay from the county treasurer. The county

treasurer has refused to pay him upon the ground that he has not been certified upon an estimate pay roll or account by the state civil service commission as required by section 20 of the Civil Service Law of the state. The applicant has demanded such certificate, but has been refused under the following rule:

Subdivision 14, rule 1: "The terms 'laborer' and 'unskilled laborer' are used synonymously and shall be considered as applying only to persons employed as ordinary laborers, and shall not include mechanics, artisans, tradesmen and other skilled laborers, and no person shall be declared a 'laborer' who receives a compensation greater than two dollars for each day's actual service or sixty dollars per month, unless facts relating to the work done by such person are presented to the commission showing that such work is that of an ordinary unskilled laborer."

The state commission based its refusal further on the ground that the letter of the superintendent of the courthouse and annex revealed that the 10 persons appointed were rather "janitors or court attendants." Counsel for the applicant urges that he needs no certificate; that the resolution of the board of supervisors is sufficient warrant for payment by the county treasurer. That would depend entirely upon the status of applicant—whether he was in or out of the "state service." He could only be "out" where there were no rules or regulations to embrace him. People ex rel. Wilson v. Knox, 45 App. Div. 537, 61 N. Y. Supp. 472; Chittenden v. Wurster, 152 N. Y. 354, 46 N. E. 857, 37 L. R. A. 809.

There can be no question but that he is "in" the classified service of the state (rule 1, subd. 4, § 9, Civil Service Law), and, if a "laborer," fully comprehended by section 10 of the Civil Service Law, which provides: "No examination or registration shall be required of persons to be employed as laborers in the state service." Matter of Flaherty v. Milliken, 193 N. Y. 566, 86 N. E. 558. If this be so his application for a writ now is premature. A certificate containing the name of the employé, his work and compensation, is a condition precedent to his payment.

[3] The applicant further contends that he needs no certificate; that, having been appointed by the superintendent of the courthouse and annex under the terms of section 8 of the Civil Service Law, that *officer* is liable to him for having illegally appointed him, and the county treasurer should be required to pay. This contention is so at defiance with the section relied upon as scarcely to require comment. The purpose of that section was to give a person who had been illegally appointed a remedy against the offending official, requiring him to pay the appointee or employé the compensation agreed upon, and giving the appointee or employé a right of action against such appointing officer for the agreed compensation or actual value of the services. It was never intended that payment for such agreed compensation or value of services should come out of the funds in the hands of a fiscal officer—such as here the county treasurer. The statute very carefully guards against any such claim by providing: "No public officer shall be reimbursed by the state or any of its civil divisions for any sums so paid or recovered in any such action." Section 8, Civil Service Law.

We think the applicant has mistaken his relief and his party. He should show the civil service commission facts relating to the work done, that he was an ordinary unskilled laborer, and ask for a certification. A refusal under such conditions might be remedied by the courts.

Motion denied.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

James Farrell, of Troy, for appellant.
Herbert F. Roy, Co. Atty., of Troy, for respondent.

PER CURIAM. Order affirmed, without costs, on the opinion of Hasbrouck, J., at Special Term. All concur, except HOWARD, J., not voting.